UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| HUMBERTO NAVARRO, JR., AND <br> JUAN ADRIAN GUZMAN, <br> **Plaintiffs** <br><br> v. <br><br> OMAR OLVERA GUTIERREZ AND <br> BAJA FREIGHT, LTD., <br> **Defendants** | § § § § § § § § § § § CIVIL ACTION NO. 5:23-CV-00130 |

**PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT,
REQUEST FOR ENTRY OF DEFAULT JUDGMENT,
AND MOTION AND MEMORANDUM IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT**

TO THE CLERK OF COURT, NATHAN OCHSNER,

TO THE HONORABLE DIANA SALDAÑA, U.S. DISTRICT JUDGE AND

TO THE HONORABLE DIANA SONG-QUIROGA, U.S. MAGISTRATE JUDGE:

NOW COME Plaintiffs, HUMBERTO NAVARRO, JR. and JUAN ADRIAN GUZMAN, in the above styled and numbered civil action, and would respectfully request that the Court Clerk enter a Default and Default Judgment against Defendants, as authorized by Rule 55, and Plaintiffs ask the Court to render a Default Judgment against Defendants, and would respectfully show as follows:

### I. INTRODUCTION

1. On November 15, 2023, Plaintiffs filed their Original Petition in Texas State District Court, Cause No. 2023CVA001865D2; *Heriberto Navarro, Jr. and Juan Adrian Guzman vs. Omar Olvera Gutierrez and Baja Freight*; In the 111th Judicial District Court of Webb County, Texas.[1]

2. On November 20, 2023, Defendants OMAR OLVERA GUTIERREZ and BAJA FREIGHT,

---
[1] Ex. 1; s*ee also*, Dkt. No. 1, *i.e.*, Ex. A, Dkt. No. 2.

LTD., filed their Notice of Removal of the matter to this Court.[2] Defendants attached a copy of Plaintiff's Original Petition to their Notice of Removal, showing Defendants had an actual copy of the petition in their possession as late as November 20, 2023.[3] On November 20, 2023, both Defendants filed their Notice of Removal in the state Court action.[4]

3. Defendants did not file an answer or other responsive pleading in the state Court action.[5]

4. Defendants have not filed a responsive pleading in this case – Case No. 5:23-cv-00130.[6]

5. Defendants have not otherwise defended the suit other than requesting the opportunity to examine Plaintiffs' orthopedic injuries of the low back.[7]

6. Defendants have failed to file a responsive pleading or otherwise defend this suit with respect to

    (a) Defendants' liability (with no affirmative defenses filed),

    (b) the causation of the accident at issue,

    (c) the causation of Plaintiffs' injuries and damages,

    (d) the extent of Plaintiffs' injuries and damages (except for those relating to orthopedic injuries of the low back), and

    (e) the reasonableness of the charges of Plaintiffs' medical expenses.

7. Plaintiffs therefore request that (1) the Clerk enter a default and enter a default judgment, and (2) the Court render a default judgment that:

    (a) Finds Defendants liable for the accident at issue;

---

[2] Dkt. No. 1.
[3] Dkt. No. 1, Ex. A, p. 2-9.
[4] Ex. 1; Dkt. No. 2-3, p. 3; *see also,* Tex. R. Civ. P. 120, stating generally that a defendant's appearance in open court shall have the same force and effect as if the citation had been duly issued and served as provided by law.
[5] Ex. 1, s*ee also*, Dkt. No.'s 1, *i.e.*, Ex. A.
[6] *See* Docket Report and Documents on File in this Case.
[7] Ex. 2 (highlighted); *i.e.*, Dkt. No. 3, p. 7; This Court astutely noted that Defendants offered no authority for their request for what amounted to a temporary restraining order, Dkt. No. 4; Dkt. No. 5-1 (p. 32); Dkt. 5-5 (p. 62); *see also* Tex. R. Civ. P. 202.

(b) Finds that Defendants and their acts and omissions as the sole proximate causes of the accident at issue;

(c) Finds that the accident at issue caused Plaintiffs' injuries and damages;

(d) Finds that Plaintiffs have suffered the injuries and damages as pled and claimed, except for those relating to the orthopedic injuries of the low back; and

(e) Finds that the medical care expenses incurred by Plaintiffs are reasonable.

8. As Plaintiffs' damages are unliquidated, and Defendant BAJA FREIGHT has requested a trial by jury[8], Plaintiffs request a trial by jury on the only remaining issues:

(a) Proving up Plaintiffs' unliquidated damages; and

(b) Proving up the extent of Plaintiffs' injuries and damages related to any orthopedic injuries of the low back.

9. Defendants have defaulted on all other matters before this Court.

## II.  ARGUMENT

10. A defendant who <u>did not answer</u> before removal **must answer or present other defenses or objections under these rules** within the longest of these periods:

(A) **21 days after receiving**—through service or **otherwise**—a copy of the initial pleading stating the claim for relief;

(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

(C) 7 days after the notice of removal is filed.[9]

11. Defendants did not answer before removal.[10]

12. Defendants received, through service or otherwise, a copy of the initial pleading no later than

---

[8] Dkt. No. 2-2.
[9] Fed. R. Civ. P. 81(c)
[10] Ex. 1; Dkt. No.'s 1-2.

November 20, 2023.[11]  The longest period Defendants had to file an answer or present other defenses under the Federal Rules of Civil Procedure was 21 days from November 20, 2023, or Monday, **December 11, 2023**.  There is no answer on file in this case.[12]

13.     Defendants have failed to file an answer or present other defenses as required by Rule 81.

**A. Plaintiffs' Request the Clerk Enter a Default.**

11.     The court clerk may enter a default against a party who has not filed a responsive pleading or otherwise defended the suit.  Fed. R. Civ. P. 55(a).  The clerk should enter a default on liability, causation, and reasonableness of damages as requested because Defendants **time to defend has expired**.  Defendants did not file a responsive pleading within 21 days after November 20, 2023, the date Defendants filed their Notice of Removal in this Court (and thus had actual notice and possession of the petition).[13]

12.     The clerk should enter a default against Defendants because Defendants did not otherwise defend the suit as described herein.  Fed. R. Civ. P. 55(a).  Defendants failed to answer **as required** by Rule 81; Defendants did not file any responsive or defensive pleadings except for a request to compel an "independent medical examination" relating to Plaintiffs' pending low back surgeries.[14]

13.     Plaintiffs meet the procedural requirements for obtaining an entry of default from the clerk as demonstrated by the Affidavit of Joey Maldonado, attached as Exhibit 3.  Defendants removed this action from state court, and thus Rule 81 applies.[15]  Defendants are not minors or incompetent persons.  Defendant OMAR OLVERA GUTIERREZ has admitted that he is a Mexican resident and citizen,[16] and thus is not currently in military service as he is a citizen and resident of Mexico.[17]

---

[11] Dkt. No. 1, Ex. A, p. 2-9: (Petition filed as exhibit by Defendants).
[12] i, Court's docket.
[13] Fed. R. Civ. P. 12(a)(1)(A)(i); *see* Fed. R. Civ. P. 55(a).
[14] Dkt. No. 3.
[15] Fed. R. Civ. P. 81(c)(1).
[16] Dkt. No. 2, ¶4.
[17] Dkt. No. 2, p. 1; Ex. 4.

Defendant BAJA FREIGHT is a corporation.[18]

14.     Defendants did not file an answer or other required pleading, or did not present other defenses or objections under the Federal Rules, except as to requesting an "independent medical examination of Plaintiffs."

15.     Defendants did not take any action that indicated the Defendants' intent to defend the suit except as described herein.  That is, Defendants to date, in either state Court or this Court, have only "contested" or "defended" the extent of Plaintiffs' low back injuries. Defendants have not "contested" or "defended" any other portion of Plaintiffs' suit.  Defendants have not otherwise filed a motion under Federal Rule of Civil Procedure 12 or a motion for summary judgment.

16.      Plaintiffs are entitled to an entry of default and entry of default judgment.

**B.  Plaintiffs' Motion for the Court to Enter Default and Default Judgment.[19]**

17.     Plaintiffs incorporate the previous paragraphs as if fully incorporated herein.

18.     Defendants removed this matter from state court, did not answer before removal, and failed to answer or present other defenses or objections under the Federal Rules.  The only action Defedants took was to request an "independent medical examination" relating to Plaintiffs' low back injuries.

19.     Plaintiffs' claims are not for a sum certain, and Plaintiffs request a trial by jury to determine damages. [20]

20.     A court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit.[21]  Defendants have also failed to file an answer or present other defenses as required by Rule 81(c)(2).

21.     This Court should render a default judgment against Defendants because:

---

[18] Dkt. No. 2, p. 1.
[19] If the Clerk has not already entered a default, the Court can enter the default and default judgment at the same time.
[20] *See* Fed. R. Civ. P. 55(b)(2).
[21] *See* Fed. R. Civ. P. 55(a), (b)(2).

- Defendants did not file a responsive pleading within 21 days after November 20, 2023.[22]

- Defendants did not otherwise defend the suit, except as described herein requesting an "independent medical examination" of Plaintiffs' low back injuries.[23]

22. Defendants are not minors or incompetent persons.[24]

23. Defendant OMAR OLVERA GUTIERREZ is not in military service. *See* 50 U.S.C. 3931(b)(1). An affidavit of defendant's military service is attached as Exhibit 4.

24. Plaintiffs seek unliquidated damages in the amount exceeding $5,000,000.00. Plaintiffs request a jury trial to present evidence in support of their request for damages.

### III. CONCLUSION

25. For these reasons, Plaintiffs ask the Court to grant this motion, and render a default judgment as described herein.

Respectfully submitted,

By: _____
**JOEY MALDONADO**
*ATTORNEY-IN-CHARGE*
Texas State Bar No. 24039474
Federal ID No. 585593
joey@lalawtx.com
**JENNIFER B. LeMASTER**
Texas State Bar No. 24041063
Federal ID No.: 5655899
jennifer@lalawtx.com
**NEJAT AHMED**
Texas State Bar No. 24034304
Federal ID No. 5698110
nejat@lalawtx.com

**LEMASTER & AHMED PLLC**
8777 W Rayford Rd, Ste 200 PMB 303
The Woodlands, TX 77389
Telephone:   832.356.7983
Facsimile:    832.653.9360

---

[22] Fed. R. Civ. P. 12(a)(1)(A)(i), 81(c)(2).
[23] Fed. R. Civ. P. 55.
[24] Fed. R. Civ. P. 55(b)(2).

- AND -

ANTONIO GONZALEZ
State Bar No. 24085786
antonio@gonzalezandassociates.org
GONZALEZ & ASSOCIATES, P.C.
269 Ceylon Street
Eagle Pass, Texas 78852
Telephone: (830) 757-8323
Facsimile: (830) 757-8327

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served the document on all counsel of record through the Court's electronic-filing system (EFS) or by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2) on the 16th day of January, 2024.

    David L. Ortega
    Stephen D. Navarro
    Naman, Howell, Smith & Lee, P.C.
    10001 Reunion Place, Suite 600
    San Antonio, Texas 78216
    dortega@namanhowell.com
    snavarro@namanhowell.com

_____
Joey Maldonado